UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 16-10150-IT |
| | ) |
| MARIAN FLOREA, | ) |
| Defendant. | ) |

## **ORDER OF FORFEITURE (MONEY JUDGMENT)**

**TALWANI, D.J.**

WHEREAS, on May 26, 2016, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment, charging defendant Marian Florea (the "Defendant") with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349 (Count One); Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Count Two); and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count Three);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(2), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Two of the Indictment, of any property, constituting or derived from, proceeds obtained directly or indirectly, as a result of the offenses;

WHEREAS, the property to be forfeited included, but was not limited to, the following assets:

   a. A sum of money equal to the total amount of proceeds the Defendant obtained as a result of her offenses, which is at least $105,334, and which may be entered in the form of a money judgment;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p);

WHEREAS, on February 6, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Indictment, pursuant to a written plea agreement that she signed on February 6, 2017;

WHEREAS, in Section Nine of the plea agreement, the Defendant agreed to forfeit to the United States $170,638 in United States currency on the grounds that such amount constitutes, or is derived from, proceeds of the Defendant's offenses as a result of her guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and her guilty plea on February 6, 2017, the United States has established the requisite nexus between the Currency and the Defendant's offenses, and accordingly, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $170,638 in United States currency, pursuant to 18 U.S.C. § 982(a)(2), and accordingly, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the defendant in the amount of $170,638 in United States currency, pursuant to 18 U.S.C. § 982(a)(2);

WHEREAS, the amount of $170,638 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1349, 1344, and 2;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $170,638 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $170,638 in United States currency, pursuant to 18 U.S.C. 982.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Indira Talwani
INDIRA TALWANI
United States District Judge

Dated: 8/7/2017